Clerk's Office
United States District Court for the District of New Jersey

       **RE:**    **Malibu Media, LLC. v. Does 1-12**
                **Eastern District of PA Case # 12-cv-3147**
                **I.P. Address of the Doe Defendant: <u>71.203.119.30</u>**

Dear Sir/Madam,

        I am one of the defendants in the above referenced matter.  My IP address is 71.203.119.30.   Enclosed please find a motion to quash the subpoena and issue a protective order and a motion to proceed anonymously.  Enclosed please find a money order in the amount of $46 representing the filing fee.

        The Complaint was filed in Pennsylvania and the Subpoena was issued in the District of New Jersey.  As a result there is no Docket number in the District of New Jersey regarding this matter.

Dated:  8/2/2012

                             Sincerely,

                             Doe Defendant
                             IP address 71.203.119.30

## MOTION TO QUASH THE SUBPOENA AND
## FOR LEAVE TO PROCEED ANONYMOUSLY

## INTRODUCTION

Defendant Doe[1] (hereinafter "Doe") makes this limited appearance before this Court for the sole purpose of respectfully requesting that the Court quash the subpoena issued to the Internet Service Provider ("ISP") and allow Doe to proceed anonymously.

Preliminarily, it should be noted that the Complaint was filed in Pennsylvania and the Subpoena was issued in the District of New Jersey. However there is no Case number in the District of New Jersey yet regarding this matter.

Doe recently received notice from the ISP that it had been served with a subpoena (the "Subpoena") by Plaintiff in connection with the underlying litigation currently pending in the United States District Court for the Eastern District of Pennsylvania (the "Litigation"). At that time, Doe was informed for the first time that, as the owner of a given IP address, he is currently identified as a defendant in the Litigation. Doe understands that the purpose of the subpoena is to require the ISP to provide Plaintiff with Doe's name and contact information, so that Plaintiff will then be able to substitute Doe's true name in the Litigation. Concurrent with the instant Motion Doe has also moved the court handling the Litigation to dismiss the allegations against him, as well as to allow him to proceed anonymously. There are serious questions about the merits, and propriety of the underlying litigation, and those serious questions are currently being considered by that court based on Doe's motion to dismiss. For this court's reference, Doe will briefly set forth those issues here. Until those questions are resolved, Plaintiffs should not be allowed to use this forum to seek discovery. Thus, Doe respectfully urges this Court to quash the Subpoena in order to allow Doe the opportunity to move to dismiss the underlying litigation while continuing to preserve his anonymity.

A brief overview of the deficiencies in the Litigation illustrates that the Subpoena is improper in its effort to seek discovery in support of a litigation that violates the most fundamental principles of civil procedure.

In the Litigation, Plaintiff filed a single complaint against 12 defendants, identified simply as Does 1-12. The Complaint alleges that each defendant committed a similar legal violation of copyright infringement by downloading a movie from the Internet; however, the Complaint admits that the Defendants engaged in this conduct separately, independently, at different times, and in different locations. The Defendants are identified only by the IP addresses associated with the computers which allegedly downloaded the information. The

---

[1] Defendant has not received any copies of the papers filed in the underlying litigation and therefore does not know which number "Doe" he is in that litigation. These documents will refer to the undersigned Defendant as Doe.

Complaint alleges that the owners of the accounts associated with those IP addresses committed the copyright infringement – even though Plaintiffs have no basis for asserting whether the owner or some other authorized or unauthorized user of the computer or computer network committed the violation. Based on this critical – and baseless – assumption, Plaintiffs now seek to learn the identities of the owners of the IP addresses by issuing subpoenas to internet service providers ("ISPs") requiring those ISPs to disclose the names of the owners of those IP addresses.

As the arguments set forth herein demonstrate, the Litigation is a predatory mass litigation in which Plaintiff has taken unconstitutional shortcuts in violation of the most fundamental principles of the federal courts' procedural safeguards. Accordingly, Doe respectfully requests that the Court dismiss Doe from the Litigation, or at the very least, quash the subpoena against the ISP or issue a protective order.

## I.    The Court Should Allow John Doe to Proceed Anonymously

As an initial matter, Doe respectfully requests that he be permitted to proceed anonymously in filing this motion. The only way for defendant John Doe to protect his rights by way of these motions without identifying himself by name is to proceed anonymously. See 2TheMart.com, 140 F.Supp.2d at 1095-98; Best Western Int'l Inc. v. Doe, No. CV-06-1537, 2006 WL 2091695 at *5 (D. Ariz. July 25, 2006). Proceeding anonymously is the only method of not rendering moot these proceedings by disclosing the very same information which Plaintiff seeks to obtain through its improper subpoena. In other words, quashing the subpoena while requiring defendant John Doe to proceed in his own name would entirely defeat the purpose of the motion to quash. Accordingly, Doe respectfully requests that the Court permit him to proceed anonymously.

## II.   The Underlying Action is Improper Because Plaintiff Has Improperly Joined the Defendants Based on Separate and Different Alleged Acts

Plaintiff has improperly joined numerous defendants together in this lawsuit, without sufficient basis. Federal Rule 20 permits joinder of defendants when a two pronged test is met: (1) any right to relief is asserted against defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. At most, Plaintiffs here allege a single common question of law in that defendants are alleged to have committed similar copyright violations. However, Plaintiffs have not, and cannot, allege that any right to relief is asserted jointly or severally, or that the violations arise out of the same series of transactions, or that the first prong is satisfied in any

manner whatsoever.   Accordingly, the allegations in the Complaint are plainly insufficient to satisfy the Rule 20 standard and Doe respectfully urges the Court to sever his claim.[2]

The claim that joinder is proper based on BitTorrent or other peer-2-peer protocols has been reviewed and almost universally rejected by various Courts. LaFace Records LLC v. Does 1-38, 2008 U.S. Dist. LEXIS 14544, 2008 WL 544992 at 1 (rejecting Plaintiff's argument that copyright infringement claims did not arise out of the same transaction, occurrence, or series of transactions...because each defendant used the same ISP as well as the same P2P networks); See also Interscope Records v. Does 1-25, 2004 U.S. Dist. LEXIS 27782, at 2 (holding improper joinder although defendants were alleged to have disseminated the plaintiffs' copyrighted works through the same P2P network); Elektra Entertainment Group, Inc. v Does 1-9, 2004 U.S. Dist. LEXIS 23560, 2004 WL 2095581, at 1 (finding the mere use of the same P2P protocol was insufficient to establish the plaintiff's copyright infringement claims were logically related for purposes of Rule 20(a)(2)); Fonovisa, Inc. v. Does 1-9, 2008 U.S. Dist LEXIS 27170, 2008 WL 919701 (finding joinder improper because of the different factual contexts of the alleged infringement for each defendant and absence a showing of any evidence showing joint action by defendants, other than their use of the same P2P network to access copyrighted recordings); Hard Drive Productions, Inc. v. Does 1-188, 2011 U.S. Dist. LEXIS 94319 (holding joinder of Doe Defendants improper based on alleged us on Bit torrent protocols; Diabolic Video Productions v. Does 1-2,099, 2011 U.S. Dist. LEXIS 58351, 10 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (held that the nature of the Bit Torrent protocol does not make joinder appropriate where defendants allegedly used BitTorrent to infringe copyrighted works. IO Group v. Does 1-19, 2010 U.S. Dist. LEXIS 133717, *8-9 (N.D. Cal. Dec. 7, 2010). (Holding that the "only factual allegation

---

[2] The Honorable Berle Schiller of the EDPA agreed with these arguments and ordered a similar case severed in K-Beech v. Does 1-78, Case # 11-cv-5060. The Court agrees that John Does 2 through 78 were improperly joined. The Court noted that:

Defendants may be joined if: (1) a claim is asserted against them jointly, severally, or in the alternative arising out of the same transaction or occurrence, and (2) there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). A number of courts have held that using BitTorrent to download the same copyrighted work does "not mean that each of the defendants were engaged in the same transaction or occurrence." On the Cheap, LLC v. Does 1-5011, Civ. A. No. 10-4472, 2011 WL 4018258, at *1 (N.D. Cal. Sept. 6, 2011); see also, e.g., Order, W. Coast Prods., Inc., v. Does 1-535, Civ. A. No. 10-94 (N.D. W. Va. Dec. 16, 2010). Furthermore, the Court has "broad discretion" under Rule 21 to sever parties. Cooper v. Fitzgerald, 266 F.R.D. 86, 88 (E.D. Pa. 2010) (quoting Boyer v. Johnson Matthey, Inc., Civ. A. No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004)); see also Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, . . . drop a party."); BMG Music v. Does 1-203, Civ. A. No. 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (severing over two hundred Doe defendants in copyright action sua sponte). Severance is warranted here because the large number of defendants could lead to dozens of motions raising unique factual and legal issues and would pose logistical difficulties at every stage of litigation. See Boyer, 2004 WL 835082, at *1 n.1 (noting that district court may invoke Rule 21 "for convenience . . . or to promote the expeditious resolution of the litigation"). Thus, the Court will sever all Defendants but the first named, John Doe 1, and quash all third-party subpoenas served on ISPs except as to John Doe 1. K-Beech may pursue its copyright infringement claims on an individual basis.

connecting the defendants" - the allegation that they all used the same peer-to-peer network to reproduce and distribute the plaintiff's copyrighted work – was insufficient for joinder of multiple defendants under Rule 20.); IO Group, Inc. v. Does 1-435, 2011 U.S. Dist. LEXIS 14123, *15-16 (N.D. Cal. Feb. 3, 2011). Lightspeed v. Does 1-1,000, 2011 U.S. Dist LEXIS 35392 (N.D. Ill. March 31, 2011) (plaintiff alleged that the defendants illegally reproduced and distributed its copyrighted works over the Internet through BitTorrent, the court severed defendants because of improper joinder.); Boy Racer v. Does 1-71, 2011 U.S. Dist. LEXIS 57975 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (Severed for improper joinder based on peer-to-peer architecture identical to BitTorrent protpocals); Boy Racer v. Does 1-52, 2011 U.S. Dist. LEXIS 58345 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (same)."

Mass joinder of individuals has been roundly rejected by courts in similar cases. As a court explained in one such case, even the purported factual and legal similarities in such cases are insufficient to satisfy the second prong of the Rule 20 test:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Similarly, in LaFace Records, LLC v. Does 1-38, the court ordered severance of a lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same alleged violation of the law in exactly the same way. No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008). Despite these similarities, the court found that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." Id. This result is clear based on the two-pronged standard of Rule 20, and applies even more strongly here where the second prong – similar questions of fact and law – is much weaker than in LaFace, and the first prong is similarly unsatisfied.

In fact, the improper joinder is so strong in these cases that one court *sua sponte* severed multiple defendants in an action where the only alleged connection between them was the allegation they used the same ISP to conduct copyright infringement. BMG Music v. Does 1-4, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006). See also Interscope Records v. Does 1-25, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS

27782 (M.D. Fla. Apr. 1, 2004) (magistrate *sua sponte* recommended severance of multiple defendants in action where only connection between them was alleged use of same ISP and P2P network in copyright infringement); BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, In re Cases Filed by Recording Companies, filed in Fonovisa, Inc. et al. v. Does 1-41 (No. A-04-CA-550 LY), Atlantic Recording Corporation, et al. v. Does 1-151 (No. A-04-CA-636 SS), Elektra Entertainment Group, Inc. et al. v. Does 1-11 (No. A-04-CA-703 LY); and UMG Recordings, Inc., et al. v. Does 1-51 (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004) (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, Twentieth Century Fox Film Corp., et al., v. Does 1-12, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Nor does the allegation of a similar method for committing the alleged illegal activity create a basis for joinder. In Nassau County Association of Insurance. Agents, Inc., v. Aetna Life & Casualty, for example, the Second Circuit refused to allow 164 insurance companies to be joined in a single action simply because they allegedly used the same methods to cheat agents, describing that attempted joinder as "a gross abuse of procedure." 497 F.2d 1151, 1154 (2d Cir. 1974). Here, the second prong cannot be satisfied because whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

The Court should dismiss the complaint against all the Doe defendants in order to avoid causing prejudice and unfairness to the defendants. Hard Drive Productions, Inc. v. Does 1-188, Case Number 3:11-cv-1566, N.D. Cal. Docket No. 26, Page 19. That case contains an exhaustive analysis as to why the joinder of multiple defendants in copyright infringement cases is improper. First, permitting joinder in this case would undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case. See Bridgeport Music, Inc. v. 11C Music, 202 F.R.D. 229, 232-33 (M.D. Tenn) (holding permissive joinder of 770 putative defendants would not promote judicial economy because the court's courtroom could not accommodate all of the defendants and their attorneys, and therefore could not hold case management conferences and could not try all of plaintiff's claims together). Second, permitting joinder would force the Court to address the unique defenses that are likely to be advanced by each individual Defendant, creating scores of mini-trials involving different evidence and testimony.

Finally, permissive joinder of the Doe Defendants does not comport with the "notions of fundamental fairness," and that it will likely cause prejudice to the putative defendants. Id. The joinder would result in numerous hurdles that would prejudice the defendants. For example, even though they may be separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings – a significant burden when, as here, many of the defendants will be appearing pro se and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition – creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable – with each of the Does having the opportunity to be present and address the court at each case management conference or other event. Finally, each defendant's defense would, in effect, require a mini-trial. These burdens completely defeat any supposed benefit from the joinder of all Does in this case, and would substantially prejudice defendants and the administration of justice.

Thus, Plaintiff's allegations that Defendants committed similar legal violations based on similar downloading conduct is insufficient to satisfy the "common questions of law or fact" standard of Rule 20's second prong. Moreover, it is undisputed that Plaintiff has not alleged and cannot satisfy the joint and several liability or same transaction requirements of Rule 20's first prong. Therefore, joinder is clearly improper in this case and the Court should sever the claims against each defendant. Fed. R. Civ. P. 21. Specifically, the Court should follow the example of courts in similar cases and maintain this action against Doe 1 only and dismiss the claims against all other defendants without prejudice.

**III.    For the Foregoing Reasons, Doe Moves this Court to Quash the Subpoena**

Although courts have not, as a general matter, recognized an individual's right to quash a subpoena issued to another party, courts have found that, in some cases, movants who are not the subpoena recipients have sufficient standing based on "the nature of the information sought." See First Indem. of Am. Ins. Co. v. Shinas, No. 03 Civ. 6634, 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005). Here, even though the subpoena is not issued to Doe, the information sought is Doe's personal information, and he clearly has an interest in that information sufficient to confer standing here.

Courts have previously held that standing may be found when the movant, though not the subpoena recipient, asserts a "claim of privilege," Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2nd Cir. 1975); "has a sufficient privacy interest in the confidentiality of the records sought," ADL, LLC v. Tirakian, No. CV 2006-5076(SJF)(MDG), 2007 WL 1834517, at *2 (E.D.N.Y. June 26, 2007); or seeks to protect "a proprietary interest in the subpoenaed matter," United States v. Nachamie, 91 F.Supp.2d 552, 558 (S.D.N.Y.2000). See also Ariaz-Zeballos v. Tan, No. 06 Civ. 1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (standing found to quash subpoena issued to non-party banks based on movant's "privacy interest in [his] financial affairs") (citations omitted); Ungar v. Palestinian Auth., 400 F.Supp.2d 541, 553 (S.D.N.Y.2005)

(standing to quash subpoena where there was an "excessive number of documents requested, the unlikelihood of obtaining relevant information, and the existence of attorney-client privilege for all documents").

Under Federal Rule of Civil Procedure 45(c)(3), a court may quash or modify a subpoena in its discretion, including where the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(iii).

It is clear that this mass litigation, including the Subpoena, are pursued solely for the purpose of harassing defendants and forcing them to settle in order to avoid the burden and expense of litigating in a foreign court. In order to allow the court overseeing the Litigation an opportunity to rule on Doe's motion to dismiss, and based on the fundamental defects in the underlying litigation, this Court should quash the Subpoena in order to protect Doe from having his identity revealed to plaintiffs so that they may pursue their predatory scheme against him.

Respectfully Submitted,

*Joe Defendt*

John Doe, IP Address 71.203.119.30

Dated: 8|2|2012

## CERTIFICATION OF SERVICE

I hereby certify that one copy of the within motion papers was sent on this date by first class mail to the United States District Court for the District of New Jersey:

Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

I further certify that one copy of same was sent by first class mail on this date to:

Fiore & Barber
425 MAIN ST STE 200
HARLEYSVILLE, PA 19438

John Doe, IP Address 71.203.119.30

By: _____

IP Address 71.203.119.30

Dated: 8/02/2012

William T. Walsh
Chief Clerk
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

RE:    Malibu Media, LLC. v. Does 1-12<br>Eastern District of PA Case # 12-cv-3147<br>I.P. Address of the Doe Defendant: <u>71.203.119.30</u>

Dear Mr. Walsh,

      I am a defendant in a case pending in the Eastern District of Pennsylvania. I recently received notification from my Internet service provider, Comcast, which was served with a Subpoena seeking the release of my personal information in connection with the E.D.P.A. case. The subpoena was issued by the plaintiff's attorney through the District Court for the District of New Jersey presumably because Comcast is headquartered in New Jersey.

      When I was notified by Comcast that a subpoena was issued, I filed a motion to quash that subpoena with the Clerk's Office in the District of New Jersey. Since the Complaint was filed in Pennsylvania and the Subpoena was issued in the District of New Jersey, there is no Case number in the District of New Jersey regarding this matter but I understand that I must move to quash the subpoena in this District.

      This motion is being filed as a miscellaneous filing under the Court Rules which provide for a fee of $46 for filing any paper not in a case or proceeding.  My motion was accompanied by a check for $46 as directed by the Local Rules.

      However, my motion was recently returned to me by a representative of your office with the attached correspondence. The clerk refused to file the motion to quash, stating that the filing fee for such a motion is $350. However, I believe that the clerk's direction was incorrect and misapprehended the nature of my motion. My motion is not a pleading or a filing that starts a case. Instead, a motion to quash a subpoena related to a case filed in a different state should be treated as "Filing any paper not in a case or proceeding". The fee for such a filing is $46.

Other district court websites make clear on the "Frequently Asked Questions" section of their websites that a "motion to quash a subpoena from another district" is an example of a miscellaneous action with a $46.00 filing fee. *See* Frequently Asked Questions, Middle District of Florida, available at http://www.flmd.uscourts.gov/FAQs/filing.htm. I understand that the federal district courts have uniform filing fees, and thus, this example should suffice to clarify that my motion to quash should require only a $46.00 miscellaneous action fee.

I respectfully request that you direct your staff to accept filing of my Motion as a miscellaneous action with a $46.00 fee, and that you file the same (attached) upon receipt of this correspondence. Thank you for your attention to this matter.

Respectfully Submitted,

John Doe

John Doe, IP Address 71.203.119.30

Dated: 8/22/12

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### OFFICE OF THE CLERK
MARTIN LUTHER KING JR. FEDERAL BUILDING AND U.S. COURTHOUSE
50 WALNUT STREET
NEWARK, NEW JERSEY 07101

WILLIAM T. WALSH
Clerk

CAMDEN OFFICE
MITCHELL H. COHEN
U.S. COURTHOUSE
1 JOHN F. GERRY PLAZA
CAMDEN, NJ 08101

TRENTON OFFICE
CLARKSON S. FISHER
U.S. COURTHOUSE
402 EAST STATE STREET
ROOM 2020
TRENTON, NJ 08608

REPLY TO: NEWARK

August 6, 2012

Re:   Return of Remittance/Documentation

Dear Sir or Madam:

Enclosed please find returned to you money order number 677929915  in the amount of $___46.00_____ for the following reason(s):

_____   Check/Money Order must bear a signature.

_____   Temporary/Courtesy/Third-Party/Postdated checks are not acceptable.

_____   Check must be payable to Clerk, U.S. District Court.

_____   Altered checks/money orders are not acceptable.

__X___   Check/money order is made out for the incorrect amount.  The correct fee
is $____350.00_____.

__X___   Other: This paperwork is not considered a Registration of Foreign Judgment, it is considered a new complaint.  The fee is 350.00.

Should you have any questions concerning this matter, please contact the Clerk's Office at (973) 645-3730.

Sincerely,
WILLIAM T. WALSH, CLERK

By:

Enclosure(s): Money Order 677929915
cc: Daily Log



U.S. POSTAGE
PAID
ELKINS PARK,PA
19027
AUG 03 12
AMOUNT
$4.25
00082669-10

1000    07101

UNITED STATES
POSTAL SERVICE

CERTIFIED MAIL™

7011 1570 0002 4459 1742

Martin Luther King Jr
Federal Building + US Courthouse
50 Walnut Street
Newark, NJ 07101

Luc E. Ulmet esq.
Kuzar New
318 Newman Rd
Red Bank, NJ
07701